UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IN RE ORMAT TECHNOLOGIES, INC.<br><br>DERIVATIVE LITIGATION | Case No. 3:18-cv-00439-RCJ |

**ORDER APPROVING DERIVATIVE SETTLEMENT AND ORDER OF <u>DISMISSAL WITH PREJUDICE</u>**

This matter came before the Court on Plaintiff's motion for final approval of the settlement ("Settlement") set forth in the Stipulation of Settlement, dated July 10, 2020 (the "Stipulation"). Due and adequate notice having been given of the Settlement as required in Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein, and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This District Court Approval Order incorporates by reference the definitions in the Stipulation, and unless otherwise defined herein, all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Consolidated Derivative Action, including all matters necessary to effectuate the Settlement, and over all parties to the Consolidated Derivative Action, including, but not limited to, the Plaintiff, Ormat Technologies, Inc. ("Ormat"), current Ormat Securities Holders, and the Settling Defendants.

3. The Court finds that the notice provided to Ormat stockholders was the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the Settlement set forth in the Stipulation, to all Persons entitled to such notice. The notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and due process.

4. The Consolidated Derivative Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice. As among Plaintiff, the Settling Defendants and Ormat, the parties are to bear their own costs, except as otherwise provided in the Stipulation.

5. The Court finds that the terms of the Stipulation are fair, reasonable and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation and Settlement in all respects, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

6. The Court hereby makes an award of fees and expenses to Plaintiffs' Counsel in the amount of $399,000.00 and grants a case contribution award to Plaintiff in the amount of $5,000.00.

7. Plaintiff (acting on his own behalf and derivatively on behalf of Ormat and its stockholders), Ormat, all other Ormat Securities Holders, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived and discharged and dismissed with prejudice each and every one of the Released Claims against the Released Persons.

8. Plaintiff (acting on his own behalf and derivatively on behalf of Ormat and its stockholders), Ormat and Ormat's Related Parties, all other Ormat Securities Holders, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be

forever barred and enjoined from commencing, instituting or prosecuting any of the Released Claims against any of the Released Persons.  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

9. Neither the Stipulation nor the Settlement, including any Exhibits attached hereto, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way as a concession, admission or evidence of the validity of any Released Claims, or of any fault, wrongdoing or liability of the Released Persons or Ormat; or (b) is or may be deemed to be or may be used as a presumption, admission or evidence of, any liability, fault or omission of any of the Released Persons or Ormat in any civil, criminal, administrative, or other proceeding in any court, administrative agency, tribunal or other forum.  Neither this Stipulation nor the Settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that any of the Released Persons and Ormat may file or use the Stipulation, the District Court Approval Order and/or the Judgment, in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, standing, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10. During the course of the litigation, the parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure and all other similar laws relating to the institution, prosecution, defense or settlement of the Consolidated Derivative Action.  No party or Related Party shall assert any claims for violation of Rule 11 of the Rules of Civil Procedure or any similar laws relating to the institution, prosecution, defense or settlement of the Consolidated Derivative Action.  The Settling Parties agree that the Released

Claims are being settled voluntarily after consultation with an experienced mediator and competent legal counsel who were fully competent to assess the strengths and weaknesses of their respective clients' claims of defenses.

11.     Without affecting the finality of this District Court Approval Order and the Judgment in any way, this Court hereby retains continuing and exclusive jurisdiction over the Consolidated Derivative Action and the parties to the Stipulation to enter any further orders as may be necessary to effectuate, implement and enforce the Stipulation and the Settlement provided for therein and the provisions of this District Court Approval Order.

12.     This District Court Approval Order and the Judgment is a final and appealable resolution in the Actions as to all claims and the Court directs immediate entry of the Judgment forthwith by the Clerk in accordance with Rule 58, Federal Rules of Civil Procedure, dismissing the Actions with prejudice.

IT IS SO ORDERED:

_____
HONORABLE ROBERT C. JONES
UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

DATED:     March 29, 2021.